Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com
Attorney for debtor and defendant Legal Recovery, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br>LEGAL RECOVERY, LLC<br>　　　　Debtor<br>_____<br>Bryant Fu, Crystal Lei, Tony Fu,<br>　　　　Plaintiffs,<br>v.<br>Legal Recovery, LLC,<br>　　　　Defendant. | Case No.: 24-30074 DM<br><br>Chapter 11<br><br>AP # 24-03021<br><br>MOTION TO DISMISS COMPLAINT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES<br>[FRCP 12(b)(6)]<br><br>Date:  June 21, 2024<br>Time: 10:00 AM<br>Via Tele/Videoconference<br>www.canb.uscourts.gov/calendars |

MOTION TO DISMISS COMPLAINT

Defendant LEGAL RECOVERY, LLC (Defendant) hereby moves for an order dismissing Plaintiffs' Complaint to Determine Dischargeability of Debt [11 USC § 523(a) and 11 USC § 1141(d)(3)(C)].  A complaint may be dismissed for "failure to state a claim upon which relief can be granted." [Fed.R.Civ.P. 12(b)(6), made applicable by Fed.R.Bankr.P. 7012.]  This motion is made on the ground that the discharge exceptions under Section 523(a) do not apply to debtor, and 11 USC § 1141(d)(3)(C) does not apply here.  This motion is supported by the Memorandum of Points and Authorities below.  Pursuant to BLR 7012-1, defendant consent to entry of final order or judgment by the Bankruptcy Court.
//

- 1

MEMORANDUM OF POINTS AND AUTHORITIES

In the Complaint, Plaintiff seeks a determination that the alleged debt is not dischargeable pursuant to various subsections of § 523(a) and 11 USC § 1141(d)(3)(C). [Complaint, Doc# 1, filed and entered on 05/03/24]. Debtor is a California Limited Liability Company, as such, the discharge exceptions under Section 523(a) do not apply to debtor defendant.

Discharges in cases under subchapter V of chapter 11 follow confirmation of a plan[1]. If the plan meets all but one of the requirements of § 1129(a), the court will confirm the plan on a "consensual" basis, and the debtor will be discharged pursuant to § 1141(d)[2]. See 11 U.S.C. § 1191(a). Section 523(a) exceptions to discharge apply to individuals receiving a discharge under § 1141(d) but not to corporate entities. 11 U.S.C. § 1141(d)(2). Accordingly, corporate entities that receive a discharge after consensual plan confirmation are not subject to the exceptions to discharge listed in § 523(a).

If the plan does not meet certain requirements, then the plan can still be confirmed by "cramdown" if the court determines that the plan is fair and equitable and does not discriminate unfairly. 11 U.S.C. § 1191(b). Debtors that confirm cramdown plans receive a discharge under § 1192 only after they complete all payments due under the first three to five years of the plan, but do not receive a discharge of debts "of the kind specified in [§] 523(a)." 11 U.S.C. § 1192. The U.S. Bankruptcy Appellate Panel of the Ninth Circuit held that the discharge exceptions under Section 523(a) do not apply to corporate debtors under Subchapter V of Chapter 11 of the Bankruptcy Code. *Lafferty v. Off-Spec Sols., LLC* (*In re Off-Spec Sols., LLC*), 651 B.R. 862, 873 (B.A.P. 9th Cir. 2023) ["We hold that § 1192 does not make debts specified in § 523(a) applicable to corporate debtors in subchapter V."]

The definition of "corporation" includes unincorporated limited liability companies. *Id.*, 651 B.R. at 864 n.3 ["The definition of "corporation" in § 101(9) includes unincorporated limited

---

1 Debtor has timely filed a plan on 05/06/2024 [Doc# 51].

2 Section 1141(d)(5) exceptions to discharge for individuals do not apply to any subchapter V discharge. 11 U.S.C. § 1181(c).

liability companies."]   Hence, whether debtor's plan is ultimately confirmed on a consensual or non-consensual basis, Section 523(a) exceptions to discharge do not apply to debtor as a limited liability company.

As to 11 USC § 1141(d)(3)(C), it is automatically applicable if all of the conditions under § 1141(d)(3) are met.  § 1141(d)(3) provides that: The confirmation of a plan does not discharge a debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;
(B) the debtor does not engage in business after consummation of the plan; and
(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

Here, the proposed Subchapter V plan is not a liquidation plan, and debtor will continue to engage in business after consummation of the plan, so § 1141(d)(3) is not applicable.  (See Senate report no. 95–989 [Paragraph (3) specifies that the debtor is not discharged by the confirmation of a plan if the plan is a liquidating plan and if the debtor would be denied discharge in a liquidation case under section 727. Specifically, if all or substantially all of the distribution under the plan is of all or substantially all of the property of the estate or the proceeds of it, if the business, if any, of the debtor does not continue, and if the debtor would be denied a discharge under section 727 (such as if the debtor were not an individual or if he had committed an act that would lead to a denial of discharge), the chapter 11 discharge is not granted.])

For the reasons stated above,  Plaintiff's Complaint to Determine Dischargeability of Debt should be dismissed with prejudice.

May 19, 2024
/s/ Leeds Disston
Attorney for debtor and defendant Legal Recovery LLC