Leeds Disston, Esq. SBN 045016
300 Frank H Ogawa Plz, Ste 205
Oakland, CA 94612-2060
Phone: 510-835-8110
Email: casdiss@yahoo.com
Attorney for debtor and defendant Legal Recovery, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br>LEGAL RECOVERY, LLC<br>　　　　Debtor<br>―――――――――――――――<br>Bryant Fu, Crystal Lei, Tony Fu,<br>　　　　Plaintiffs,<br>v.<br>Legal Recovery, LLC,<br>　　　　Defendant. | Case No.: 24-30074 DM<br><br>Chapter 11<br><br>AP # 24-03021<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT<br><br>Date: June 21, 2024<br>Time: 10:00 AM<br>Via Tele/Videoconference<br>www.canb.uscourts.gov/calendars |

*Lafferty v. Off-Spec Sols., LLC* (*In re Off-Spec Sols., LLC*) 651 B.R. 862 (B.A.P. 9th Cir. 2023) (*Off-Spec*) held that the text of section 523(a) unambiguously applies only to debts in individual cases. (*Id*. at 867.) Most courts that have considered the same issue have reached the same conclusion. (See e.g., *In re Ra Custom Design, Inc. v. Ra Custom Design, Inc.*, No. 23-58494, 2024 WL 607716, at *1 (Bankr. N.D. Ga. Feb. 13, 2024) (holding that the exceptions to discharge under section 523(a) of the Bankruptcy Code do not apply to corporate debtors with a nonconsensually confirmed plan under Subchapter V); *In re R&W Clark Construction, Inc*., 656 B.R. 628 (Bankr. E.D. Ill. 2024) (same); *Nutrien Ag Sols., Inc. v. Hall* (*In re Hall*), 651 B.R. 62 (Bankr. M.D. Fla. 2023) (same); *Jennings v. Lapeer Aviation, Inc.* (*In re Lapeer Aviation, Inc.*), No. 21-31500, 2022 WL 1110072 (Bankr. E.D. Mich. Apr. 13, 2022) (same); *Catt v. Rtech Fabrications, LLC* (*In re Rtech Fabrications, LLC*), 635 B.R. 559 (Bankr. D. Idaho 2021) (same); *Gaske v. Satellite Rests. Inc*. (*In re Satellite Rests. Inc*.), 626 B.R. 871 (Bankr. D. Md. 2021) (same).)

- 1

The contrary opinion in *Avion Funding, LLC v. GFS Industries, LLC* (*Matter of GFS Industries, LLC*), 99 F.4th 223, 232 (5th Cir. 2024) (*GFS*) follows the reasoning in *Cantwell-Cleary Co. v. Cleary Packaging, LLC* (*In re Cleary Packaging, LLC*), 36 F.4th 509 (4th Cir. 2022) (*Cleary*) -- that debts specified in § 523(a) are not dischargeable by any debtor, corporate or individual, in a subchapter V case confirmed under § 1191(b). But the reasoning in *Cleary* is directly criticized by *Off-Spec,* as well as by other courts.

In *Chi. & Vicinity Laborers' Dist. Council v. R&W Clark Constr.* (*In re R&W Clark Constr.*), 656 B.R. 628, 2024 Bankr. LEXIS 323, 73 Bankr. Ct. Dec. (LRP) 75, 2024 WL 495722, the court compares the reasoning in *Cleary* and *Off-Spec*:

> " … the court is not swayed by the reasoning of *Cleary Packaging*. Not only does it project rationales for Congress without evidence of the same, but it creates more problems for the statutes in question than it solves. Further, there can be no question that had Congress the intent projected on it by the Fourth Circuit, there were countless clearer and simpler ways to achieve that end. The reasoning of *Off-Spec Solutions* is much more compelling. Not only does it point out the preceding flaws, but it makes a compelling case that the conclusions drawn from the same language in chapter 12 are fundamentally flawed. There is, quite frankly, no ambiguity in the language. Imprecision is not ambiguity. *In re Spiegel,* 638 B.R. 606, 614 (Bankr. N.D. Ill. 2022) (Barnes, J.). There is no reasonable reading of the language that results in the conclusion that its intent is anything other than to reiterate what Congress had already written in section 523(a)—something Congress has done throughout the Bankruptcy Code. The courts should be very hesitant to substitute their legislative intent for Congress's in mere cases of statutory imprecision." (656 B.R. 628 p.637.)

In *Primary Invs. Grp., Inc. v. RA Custom Design, Inc.* (*In re RA Custom Design, Inc.*), 2024 Bankr. LEXIS 343, 2024 WL 607716, the court states:

Case: 24-03021    Doc# 15    Filed: 06/13/24    Entered: 06/13/24 15:48:48    Page 2 of 3

"The Ninth Circuit Bankruptcy Appellate Panel and several bankruptcy courts have reached the conclusion that § 1192 does not make § 523(a) applicable to corporate entities. The notable outlier is the Fourth Circuit Court of Appeals, which reversed a bankruptcy court to decide that § 1192 makes § 523(a) applicable to corporate entities. … This Court agrees with fellow bankruptcy courts and the Ninth Circuit Bankruptcy Appellate Panel that § 1192 does not make § 523(a) exceptions to discharge applicable to corporate entities. While the Court appreciates the Fourth Circuit's analysis of the plain language of § 1192, the Court agrees with a notable commentator that the 4th Circuit's conclusion does not necessarily follow from the language of § 1192.7 Moreover, the Court does not read § 1192(2)'s reference to § 523(a) to eliminate the restriction inherent in § 523(a) that it only applies to individuals." (2024 Bankr. LEXIS 343 *4.)

So even though there is be a split of authorities in the circuits, the opinion espoused by the U.S. Bankruptcy Appellate Panel of the Ninth Circuit in *Off-Spec* - that the discharge exceptions under Section 523(a) do not apply to corporate debtors under Subchapter V of Chapter 11 of the Bankruptcy Code - is followed by the majority of courts and is based on sound reasoning.

Therefore, Plaintiff here had not asserted a cognizable claim because § 523(a)'s discharge exceptions applied only to individual debtors. For the reasons stated, Plaintiff's Complaint to Determine Dischargeability of Debt should be dismissed with prejudice.

June 13, 2024
/s/ Leeds Disston
Attorney for debtor and defendant Legal Recovery LLC

- 3